**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DANIEL N. HALTER,** *et al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 7:21-cv-00063** |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **MIDDLE RIVER REGIONAL** | ) | |
| **JAIL AUTHORITY,** *et al.,* | ) | **By:    Hon. Thomas T. Cullen** |
| | ) | **United States District Judge** |
| **Defendants.** | ) | |

### *CONCERNING PLAINTIFF SHANE CAMPBELL*

Thirty-one plaintiffs, proceeding *pro se* and without prepayment of the court filing fees under 28 U.S.C. § 1915(b), have jointly filed this civil rights complaint under 42 U.S.C. § 1983. Upon review of the record, the court concludes that the interests of the parties, as well as the interests of justice, will be best served if this jointly-filed case is severed under Rule 21 of the Federal Rules of Civil Procedure into separate actions, individualized for each plaintiff who complies with the court's conditional filing requirements outlined below.

Rule 20 generally allows persons to join in one federal civil action as plaintiffs if "they assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Prisoner-filed civil complaints, however, are also governed by the Prisoner Litigation Reform Act ("PLRA"), which states, among other things, that a prisoner plaintiff "shall be required to pay the full amount of a filing fee" for a civil action he brings. 28 U.S.C. § 1915(b)(1). The court concludes that in light of this mandate and the congressional intent

for the PLRA, it is appropriate to sever plaintiffs' claims into separate civil actions. *See, e.g,*

*Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (finding that the PLRA bars permissive

joinder of multiple prisoner plaintiffs in one civil rights action); *Ray v. Evercom Sys., Inc.*, No.

CIVA 4:05-2904, 2006 U.S. Dist. LEXIS 61132, at *22, 2006 WL 2475264, at *5-6 (D.S.C.

Aug. 25, 2006) (applying *Hubbard* reasoning in the absence of Fourth Circuit precedent).

Practical considerations also militate against allowing these multiple prisoner plaintiffs

to jointly file and pursue a single civil action. A high likelihood exists that circumstances, such

as cell reassignments, lockdowns, or personal disagreements, will often prevent plaintiffs from

preparing and signing joint pleadings as required in *pro se* litigation. A joint lawsuit also creates

a danger of coercion, subtle or otherwise, between plaintiffs and may put plaintiffs at an

increased risk of receiving a "strike" under 28 U.S.C. § 1915(g).[*]

In any event, even where Rule 20 allows joinder of parties, Rule 21 authorizes the court

to "sever any claim against a party" for separate consideration and trial as the court believes

circumstances warrant. *See, e.g.*, *17th Street Associates, LLP v. Markel Intern. Ins. Co. Ltd.*, 373 F.

Supp. 2d. 584, 598 n.9 (E.D. Va. 2005) (noting that district courts have "virtually unfettered

discretion in determining whether or not severance is appropriate").

For the reasons stated, it is hereby **ORDERED** that the claims brought in this jointly-

filed civil action under 42 U.S.C. § 1983 will be **SEVERED** into separate civil actions, one for

each of the plaintiffs who complies with the conditional filing requirements set forth below.

Each plaintiff will be responsible for paying the filing fee in and for prosecuting his own case.

---

[*] Section 1915(g) bars *in forma pauperis* litigation for inmates who have had three civil actions dismissed as frivolous, malicious, or for failure to state a claim, absent a showing of imminent physical harm.

As each plaintiff has not prepaid the filing fee, the court shall consider plaintiff's eligibility to proceed *in forma pauperis*. Inasmuch as the complaint and attachments do not conform to all requirements for *in forma pauperis* prisoner civil rights actions as promulgated under 28 U.S.C. § 1915(a), it is further **ORDERED** as follows:

(1)     The complaint shall be conditionally filed pending satisfaction of the requirements set forth herein. Plaintiff is advised that the court will not adjudicate legal and factual matters discussed in either a pleading or motion in this conditionally filed action until plaintiff cures the deficiencies noted in this Order. Accordingly, plaintiff is encouraged to first resolve the noted deficiencies before filing motions or pleadings.

(2)     Plaintiff is assessed fees of $402.00 in this case, which includes a $52.00 administrative fee.

(3)     Plaintiff will be given **the opportunity** to apply to proceed *in forma pauperis* and is not required to pay the filing fee at this time. If the court determines that the plaintiff may proceed *in forma pauperis*, plaintiff will be required to pay the $350.00 filing fee without the additional $52.00 administrative fee and may pay the fee in installments withheld from his inmate trust account, pursuant to 28 U.S.C. § 1915(b). To request authorization to pay the fee in installments withheld from his inmate trust account, pursuant to the requirements of 28 U.S.C. § 1915(a)(2), Plaintiff must return to the court a statement of assets, an inmate account form, and a certified copy of Plaintiff's trust fund account statement for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate prison official of each prison at which Plaintiff is or was confined during that six-month period. (*See* enclosed forms.) The Trust Officer at Plaintiff's place of incarceration shall treat this Order as an instruction to provide Plaintiff with additional photocopying service loans to the extent necessary to provide certified copies of the requested trust account statements. FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED INFORMATION WITHIN TWENTY (20) DAYS SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE. This Order may be rescinded if the court determines that plaintiff has had three prior cases dismissed under 28 U.S.C. § 1915(g) as frivolous, malicious, or for failure to state a claim. Plaintiff is notified that if he does not qualify to proceed without prepayment of the filing fee under § 1915(a)(2), s/he will be required submit the full $350.00 filing fee and the $52.00 administrative fee before his/her civil action can proceed. **Never use tape on any pleading sent to the Court.**

(4)     Plaintiff is advised that under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a federal lawsuit about conditions or events in prison. If the defendants prove that Plaintiff has not done so, the court may dismiss the action without prejudice, even after Plaintiff has consented to paying the filing fee. If Plaintiff knows that all available administrative remedies were not exhausted before Plaintiff submitted the complaint to the court, Plaintiff may move for voluntary dismissal of this action without prejudice and file the claims in a new and separate civil action, once administrative remedies have been exhausted.

(5)     Plaintiff is advised that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee and the $52.00 administrative fee if the prisoner has brought an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted on three or more occasions, unless the prisoner is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff is advised that, if Plaintiff has had prior cases dismissed for any of the above-stated reasons, these prior dismissals may limit Plaintiff's ability to file new cases without prepaying the full $402.00 in filing costs. If Plaintiff believes that this case, or any other pending case, may be dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, Plaintiff may file a motion for voluntary dismissal of such case(s) pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

(6)     Plaintiff shall notify the court in writing immediately upon Plaintiff's transfer or release and shall provide a new address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

(7)     Pursuant to a Standing Order of Court, all non-dispositive matters in this case will be referred to a United States Magistrate Judge.

(8)     Until a new case number is assigned, Plaintiff must include the above referenced case number in any document that Plaintiff submits to the court related to this action. Plaintiff's submissions should be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document Plaintiff submits to the court, pursuant to General Rule 8 of the Local Rules of the United States District Court for the Western District of Virginia, plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). Submissions that do not comply with this paragraph may be returned to Plaintiff without being entered by the court. All mailed pleadings should be sent to: Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, VA 24011-2208.

The Clerk is directed to send a certified copy of this Order to Plaintiff.

**ENTERED** this 15th day of September, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

## PRISONER TRUST ACCOUNT REPORT

*Daniel N. Halter, et al., v. Middle River Regional Jail Authority, et al., Case No. 7:21cv00063*

**THIS FORM IS FOR THE TRUST OFFICER TO FILL OUT AND RETURN TO INMATE TO SEND BACK TO THE COURT - \*\*MAKE SURE SIX-MONTH STATEMENTS ARE INCLUDED\*\***

**FROM: Clerk, United States District Court for the Western District of Virginia**

**INMATE NAME:** *SHANE CAMPBELL*

Under the Prison Litigation Reform Act, a prisoner filing a civil action must obtain from the trust officer of each institution in which the prisoner was confined during the **preceding six-months** a certified copy of the prisoner's trust account statement for the six-months prior to the filing of the civil action. Accordingly, the trust officer is requested to complete this form, attach supporting ledger/statements,† and <u>return these documents to the prisoner within 10 days.</u>

Was the inmate incarcerated anywhere else besides this facility in the last six months? _____ Yes _____ No

If yes, which facility? _____

If yes, state month(s) and year(s) the inmate was incarcerated at that other facility.

_____Month(s)          _____Year(s)

**DATE THIS ACTION WAS FILED WITH THE COURT:** _____
(Example- If this case was filed in January- The court needs six-month statements for July – December)

Total Deposits for **six-months prior** to filing this action          Account Balance on last day of month for **six-months prior** to filing this action

| Month | Amount | Month | Amount |
|---|---|---|---|
| July 2020 | _____ | July 2020 | _____ |
| August 2020 | _____ | August 2020 | _____ |
| September 2020 | _____ | September 2020 | _____ |
| October 2020 | _____ | October 2020 | _____ |
| November 2020 | _____ | November 2020 | _____ |
| December 2020 | _____ | December 2020 | _____ |

$_____          $_____
AVERAGE MONTHLY DEPOSITS          AVERAGE MONTHLY BALANCE

---

† In the event the prisoner has insufficient funds in his/her prisoner trust account to pay for copies of the required six-month statements, the facility shall provide the prisoner additional photocopying service loans.

I certify that the above information accurately states the deposits and balances in the prisoner's trust account for the period shown and that the attached six-month statements are true copies of account records maintained in the ordinary course of business.

**TRUST OFFICER SIGNATURE**_____ **DATE:**_____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

**DANIEL N. HALTER,** *et al.,*
      **Plaintiff,**                                **Civil Action No. 7:20cv00063**

**v.**                                          **STATEMENT OF ASSETS**

**MIDDLE RIVER REGIONAL**
**JAIL AUTHORITY,** *et al.,*
      **Defendants.**


I, _____, declare that I am the petitioner in the above-styled proceeding; that in support of my request to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty, I am unable to pay the costs of said proceeding, or give security therefore; that I believe I am entitled to relief.

In support of my in forma pauperis application, I answer the following questions:

1.      Are you presently employed? _____Yes     _____No

        If yes, what is your monthly income? _____

        If no, state the date of your last employment._____

2.      Have you received any money in the last twelve months from the following sources?

| Source | Yes | No |
|---|---|---|
| Business, Profession, Self-Employment: | _____Yes | _____No |
| Rent Payments, Interest or Dividends: | _____Yes | _____No |
| Pensions, Annuities or Life Insurance: | _____Yes | _____No |
| Gifts or Inheritances: | _____Yes | _____No |
| Any Other Sources: | _____Yes | _____No |

        If the answer to any of the above is Yes, please state the source and amount of each received during the past year.

3.      Do you own any cash or have any money on hand - Include any funds held in Prison Accounts.

        _____Yes     _____No    If Yes, State the Value    _____

4.      Do you own any real estate, stocks, bond, notes, automobiles or other valuable property - (excluding clothing and ordinary household furnishings)?

        _____Yes     _____No    If Yes, State the Value    _____

5.      List the persons who depend upon you for support. State your relationship to same and indicate how much you contribute toward their support.

**I declare under penalty of perjury that the foregoing is true and correct.**


**DATED: _____**    **SIGNED: _____**